IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.  21-474 |
| v. | : | DATE FILED: |
| JOHN MURRAY ROWE, JR. | : | VIOLATIONS:<br>18 U.S.C. § 794(a) |
| | : | (Attempted Delivery of National Defense Information to a |
| | : | Foreign Government – 1 count)<br>18 U.S.C. § 793(d) |
| | : | (Willful Communication of National Defense Information – 3 counts) |

## SUPERSEDING INDICTMENT

### COUNT ONE
(Attempted Delivery of National Defense Information to Aid Foreign Government)

THE GRAND JURY CHARGES THAT:

### Background

1.  At all times relevant to this Indictment:

    a.  Defendant JOHN MURRAY ROWE, JR. ("ROWE") was a citizen of the United States. Defendant ROWE graduated from a United States university in or about 1980 with a Bachelor of Science in Engineering Technology.

    b.  From approximately 1980 to 2018, defendant ROWE was employed as a test engineer for multiple companies. The majority of these companies were cleared defense contractors ("CDCs") that had been granted a facility security clearance by the United States

1

Department of Defense ("DoD") to access, receive, or store classified information for the purpose of bidding for a contract or conducting activities in support of DoD programs.

  c. The United States Air Force ("USAF") was a military branch of the DoD that provided offensive and defensive air operations. Among USAF's core missions was Air and Space Superiority, which included establishing and maintaining control of the skies over conflict areas and allowing U.S. forces to operate at the times and places of their choosing. USAF systems also provided direct support to ground forces, particularly in helping to identify and destroy time-critical targets.

## Classified Information

2. Pursuant to Executive Order 12958 signed on April 17, 1995, as amended by Executive Order 13292 on March 25, 2003, and Executive Order 13526 on December 29, 2009, national security information was classified as "TOP SECRET," "SECRET," or "CONFIDENTIAL." National security information was information owned by, produced by, produced for, and under the control of the United States government that was classified as follows:

  a. Information was classified as TOP SECRET if the unauthorized disclosure of that information reasonably could be expected to cause exceptionally grave damage to the national security that the original classification authority was able to identify and describe.

  b. Information was classified as SECRET if the unauthorized disclosure of that information reasonably could be expected to cause serious damage to the national security that the original classification authority was able to identify and describe.

  c. Information was classified as CONFIDENTIAL if the unauthorized disclosure of that information reasonably could be expected to cause damage to the national security that the original classification authority was able to identify and describe.

3. Access to national security information classified at any level could be further restricted through designation in SENSITIVE COMPARTMENTED INFORMATION ("SCI") categories. Only individuals with the appropriate security clearance and additional SCI permissions could have authorized access to such classified national security information.

4. Information classified at any level could only be lawfully accessed by persons determined by an appropriate United States government official to be eligible for access to the classified information and to have a "need to know" the classified information. Classified information could only be stored in an approved facility and container.

### ROWE's Access to Classified National Defense Information

5. In connection with his employment at CDCs, as set forth in paragraph 1b, defendant ROWE held various security clearances ranging from SECRET to TOP SECRET//SCI. Because ROWE held such security clearances, the United States government entrusted him with access to sensitive government materials, including classified documents and materials, and information relating to the national defense that was closely held by the government ("National Defense Information" or "NDI").

6. In November 2015, defendant ROWE began employment with a U.S. company ("CDC-1") on matters involving the USAF's electronic warfare technology. In connection with this employment, ROWE held a SECRET security clearance and had access to classified NDI. Accordingly, on November 17, 2015, ROWE signed a Classified Information Nondisclosure Agreement ("Form 312") that stated, in pertinent part:

> I have been advised that the unauthorized disclosure, unauthorized retention, or negligent handling of classified information by me could cause damage or irreparable injury to the United States or be used to advantage by a foreign nation. I hereby agree that I will never divulge classified information to anyone unless (a) I have officially verified that the recipient has been properly authorized by the

United States Government to receive it; or (b) I have been given prior written notice of authorization from the United States Government …

…

… I have been advised that any unauthorized disclosure of classified information by me may constitute a violation, or violations, of United States criminal laws, including the provisions of Sections 641, 793, 794…

…

…I understand that all conditions and obligations imposed upon me by this Agreement apply during the time I am granted access to classified information, and at all times thereafter.

### The FBI Undercover Operation

7. On or about March 9, 2020, in Lead, South Dakota, defendant ROWE was approached in person by an FBI employee operating in a covert capacity ("UCE-1") and posing as an agent of the Russian government. After a brief discussion, ROWE agreed to meet UCE-1 at a nearby hotel in Deadwood, South Dakota to discuss employment opportunities.

8. During the meeting at the hotel (the "March Meeting"), defendant ROWE made multiple disclosures of classified NDI to UCE-1 concerning the USAF.

9. Following the March Meeting, defendant ROWE began communicating via email with another FBI employee ("UCE-2") located in Philadelphia, Pennsylvania, who was posing as the same Russian agent. From March 2020 to November 2020, ROWE exchanged over 300 emails with UCE-2, confirming his willingness to work for the Russian government, discussing his knowledge of classified NDI, demonstrating his awareness of proper classified information security protocols, and explaining his use of tradecraft to conceal his relationship with the Russian agent.

10. On or about May 8, 2020, defendant ROWE wrote an email to UCE-2, who was located in Philadelphia, Pennsylvania, in which he disclosed classified NDI concerning specific operating details of the electronic countermeasure systems used by U.S. military fighter jets. A subject matter expert within the USAF confirmed that the information disclosed by ROWE was

classified at the SECRET level, meaning its unauthorized disclosure reasonably could be expected to cause serious damage to national security. Representatives from CDC-1 advised that, while working at CDC-1, ROWE had a "need-to-know" and access to classified information concerning the electronic countermeasure systems used by U.S. military fighter jets.

### The Attempted Delivery

11.  On or about May 8, 2020, in the Eastern District of Pennsylvania, and elsewhere, defendant

#### JOHN MURRAY ROWE, JR.

did knowingly and unlawfully attempt to communicate, deliver and transmit to a foreign government, to wit, the Government of the Russian Federation and representatives, officers, and agents thereof, both directly and indirectly, classified information relating to the national defense of the United States, specifically, information classified at the SECRET level, with intent and reason to believe that said information would be used to the injury of the United States and to the advantage of a foreign nation.

All in violation of Title 18, United States Code, Section 794(a).

## COUNTS TWO THROUGH FOUR
### (Willful Communication of National Defense Information)

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 10 of Count One are incorporated by reference and realleged as if set forth fully herein.

2. On or about October 25, 2022, defendant ROWE placed a telephone call to a family member ("Relative-1"). During the telephone call, ROWE disclosed classified NDI concerning specific operating details of the electronic countermeasure systems used by U.S. military fighter jets. A subject matter expert within the USAF confirmed that the information disclosed by ROWE was classified at the SECRET level, meaning its unauthorized disclosure reasonably could be expected to cause serious damage to national security.

3. On or about November 6, 2022, defendant ROWE placed a telephone call to another family member ("Relative-2"). During the telephone call, ROWE disclosed classified NDI concerning specific operating details of the electronic countermeasure systems used by U.S. military fighter jets. A subject matter expert within the USAF confirmed that the information disclosed by ROWE was classified at the SECRET level, meaning its unauthorized disclosure reasonably could be expected to cause serious damage to national security.

4. On or about December 4, 2022, defendant ROWE placed a telephone call to a business acquaintance ("Associate-1"). During the telephone call, ROWE disclosed classified NDI concerning specific operating details of the electronic countermeasure systems used by U.S. military fighter jets. A subject matter expert within the USAF confirmed that the information disclosed by ROWE was classified at the SECRET level, meaning its unauthorized disclosure reasonably could be expected to cause serious damage to national security.

## The Communications

5.  On or about the dates set forth below, in the Eastern District of Pennsylvania, and elsewhere, defendant

**JOHN MURRAY ROWE, JR.,**

lawfully having been entrusted with information relating to the national defense of the United States, which defendant ROWE had reason to believe could be used to the injury of the United States and to the advantage of a foreign nation, willfully communicated, delivered, and transmitted said information to a person not entitled to receive it, to wit, ROWE communicated information classified at the SECRET level to the recipients set forth below:

| COUNT | DATE | RECIPIENT |
|---|---|---|
| TWO | October 25, 2022 | Relative-1 |
| THREE | November 6, 2022 | Relative-2 |
| FOUR | December 4, 2022 | Associate-1 |

All in violation of Title 18, United States Code, Section 793(d).

A TRUE BILL:

███████████

FOREPERSON

/s/

**JACQUELINE C. ROMERO**
**United States Attorney**

No._____

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

Criminal Division

THE UNITED STATES OF AMERICA

vs.

JOHN MURRAY ROWE, JR.

SUPERSEDING INDICTMENT

Counts

18 U.S.C. § 794(a) (Attempted Delivery of National Defense Information to a Foreign Government – 1 count)
18 U.S.C. § 793(d) (Willful Communication of National Defense Information – 3 counts)

A true bill

Foreperson

Filed in open court this _____29th_____ day,
Of _____ A.D. 20__

Bail, $_____